IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.    1:23CR0036-005 |
| | : | |
| Plaintiff, | : | (Judge Michael R. Barrett) |
| | : | |
| vs. | : | |
| | : | |
| ANEESAH WILLIAMS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ANEESAH WILLIAMS' SENTENCING MEMORANDUM

**I.    Introduction**

When Aneesah Williams was a nine-year-old child, she was at a park with her family playing on a swing set. What should have been a carefree day of childhood fun turned to terror. A gunman came into the park and threatened the parkgoers. Instead of protecting little Aneesah, as family should, her family fled the park and abandoned her to the dangerous gunman. Aneesah was held at gunpoint before eventually being released. Even though Aneesah endured many other traumatic and abusive experiences, the event at the park serves as the perfect theme for Aneesah's young life—"alone, afraid, and abandoned."

1

Having a child changes us in remarkable ways. Aneesah's son, Zion, was born after she was charged in this case. Zion has dramatically changed Aneesah's life for the better.  Not only has Zion brought her great joy and love, but he has given Aneesah a new direction and hope. Even though Aneesah grew up in a house with no love, she is committed to raising Zion with an abundance of love and tenderness. Despite never knowing safety or security, Aneesah is intent on providing Zion with a safe and secure home where he can thrive. While Aneesah was abandoned and had nobody she could depend on, she would never abandon Zion and hopes to always be there for him. Even though Aneesah was used and abused by the people who were supposed to love and protect her, she is dedicated to fixing herself and breaking the cycle that deprived her of a healthy and happy upbringing.

Aneesah is worthy of receiving some grace and mercy. Aneesah understands that she must be punished for her conduct, but she hopes that this Court will use its broad discretion to fashion a sentence that will allow her the opportunity to continue to improve herself, get the psychological and mental health treatment that she needs, and most importantly, to remain in Zion's life so she can provide him with the love, protection, and care that he deserves and which she never received.

## II.    Current Legal Proceedings

Pursuant to Rule 11(c)(1)(B), Aneesah pled guilty to Count 2 of the Indictment charging her with Making a False Statement During the Purchase of Firarm, in violation of 18 U.S.C. § 922(a)(6). (Doc # 114, Plea Agreement)

Sentencing is scheduled for July 15, 2025, at 2:00 P.M.

## III.   Background

### A.    Nature and Circumstances of the Offense

Zephaniah Jones wanted guns. He would order guns online, frequently using stolen credit cards, and requested the guns be delivered to FFL stores in the Southern District of Ohio. Because Zephaniah could not legally purchase the firearms himself, he would send others to the FFL store to retrieve the firearms on his behalf. Aneesah Williams was one of those people.

Aneesah took full responsibility for her conduct and admitted that she falsely represented that she was the true purchaser of the firearms, when in fact she was not. (PSR, ¶ 44) Aneesah cooperated with the government and timely entered a guilty plea. Further, Aneesah has expressed genuine remorse for her conduct.

### B. History and Characteristics of Aneesah Williams

Aneesah Williams was born in 1995 in Cincinnati, Ohio. Her mother and father were not married. Her father abandoned her and her mother before Aneesah was born and only came around infrequently after she was born. Aneesah does not remember her father's face. (PSR, ¶ 67)

Aneesah's mother, Farrah Williams, was not much better. Her mother would frequently leave her at home alone, tricking little Aneesah into believing she was still at home by placing pillows in her bed so it appeared she was at home asleep. Found crying alone in their apartment window, Aneesah was removed from her mother's care and placed with her grandmother. (*Id.*)

Aneesah found no solace with her grandmother. Her grandmother was a drug addict. Worse yet, Aneesah was sexually molested by her uncle, Anthony Williams. After Anthony was incarcerated for his crimes against Aneesah, her grandmother expressed deep rage towards Aneesah. Her grandmother abused Aneesah and prohibited her from playing with toys or playing outside. After a short prison term, Anthony was accepted back into the family—but Aneesah remained an outcast. (PSR, ¶ 68, 72)

Other children in the home, including her aunt Brittany, who was three years older than Aneesah, did as she pleased. Brittany got to go to King's Island, while Aneesah had to stay home. Brittany physically abused Aneesah, but it was Aneesah

who got punished by her grandmother. (PSR, ¶ 72) Eventually, Aneesah returned to living with her mother in the hopes things would be better than at her grandmother's home. Aneesah was wrong. (PSR, ¶ 73)

In 2022, Aneesah entered a romantic relationship. Again, her hopes for a better life were dashed when the relationship turned abusive and culminated with her partner holding a gun to her head. Aneesah sprayed him with mace and fled. (PSR, ¶ 74)

Afterwards when Aneesah was an expectant mother, she prayed that God would give her a son. Aneesah's prayers were answered. She was blessed with Zion, who is now a thriving 1 year old. After a lifetime of pain, Aneesah has experienced what she describes as the "warmest feeling ever." (PSR, ¶ 75) She is fully committed to giving Zion the love, happiness, and security that she never had. Should Aneesah be incarcerated, she does not know who would take care of Zion. Aneesah currently lives with her mother out of financial necessity. However, her mother still allows Uncle Anthony in the home, and Aneesah fears if she is not there, Anthony will have access to Zion. (PSR, ¶ 77)

Since being charged with this offense, Aneesah was referred to IKRON Rehabilitation Center by Pretrial Services Office. She was diagnosed with major depressive disorder, unspecified trauma and stressor related disorder, and adjustment order with anxiety. Aneesah is happy to be receiving therapy at IKRON. Notes from

her treatment stated, "Aneesah engages wonderfully in the therapeutic process once she is here. She is incredibly resilient and is working hard to break generational cycles." (PSR, ¶ 82)

In anticipation of sentencing, Dr. Meredith Veltri conducted a forensic psychological evaluation of Aneesah. Dr. Veltri's written evaluation is attached to this Sentencing Memorandum under seal. Dr. Veltri concluded that Aneesah suffers from PTSD and experiences significant distress and impairment. Dr. Veltri opines that Aneesah "would benefit from seeing a provider skilled in Cognitive Behavioral Therapy (CBT)."

As to the potential for appropriate therapy in the Bureau of Prisons, Dr. Veltri opines that "<u>Ms. Williams is highly unlikely to be availed of individual therapy within a BOP facility</u>." [emphasis in original] As such, Dr. Veltri concluded that "the court may wish to consider options that would permit her to remain at home and continue her established care. Home confinement would permit her to pursue treatment with the continued support of her current provider and would bolster protective factors such as remaining with her child, seeking education and employment and learning adaptive ways of coping with her substantial trauma history."

Aneesah hopes that this Court will adopt Dr. Veltri's recommendation.

### C. Advisory Sentencing Guideline Range

Aneesah faces a statutory maximum sentence of 120 months. The guidelines, have an advisory guideline prison range of 18-24 months. (PSR, ¶ 89-90)

It is worth noting that in the initial PSR, it was alleged that Aneesah transferred a firearm to Zephaniah Jones while he was on probation through Franklin County Court of Common Pleas, which may have resulted in an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) because his possession of a firearm would have been unlawful. But it was shown that the offense did not take place until *after* Zephaniah Jones was released from probation. (PSR, Addendum to Presentence Report). The Probation Officer agreed and concluded the four-point enhancement was not appropriate and did not include it in its final calculation. However, based upon its response in the PSR, the Government may still argue that the enhancement should still apply because Zephaniah was under 21 years of age at the time of the offense. Should the Government make this argument at sentencing, it must fail. As the PSR correctly points out Application Note 13 to U.S.S.G. § 2K2.1 does not provide for such instances. Additionally, the alleged vague comment about "snitches," even if it were true, is not sufficient to support this enhancement. (PSR, Addendum to Presentence Report) Despite the Government's argument, it remains that Aneesah had no firsthand knowledge or reason to believe that Zephaniah

7

intended to use or dispose of the firearms unlawfully as stated in U.S.S.G. § 2K2.1(b)(5)(C).

## IV. Application of 18 U.S.C. § 3553 to Aneesah Williams

It is well settled under *United States v. Booker*, 125 S.Ct. 738 (2005) and *United States v Blue*, 557 F.3d 682 (6th Cir. 2009), that the Guidelines are advisory only, and at the time of sentencing, this court may apply the factors of 18 U.S.C. § 3553 in fashioning an appropriate, individualized sentence upon the defendant. Therefore, a sentencing court has "broad discretion" to impose a sentence. *United States v. Obi*, 542 F.3d 148, 155 (6th Cir. 2008).

"[T]he Guidelines should be the starting point and the initial benchmark" for determining a substantively reasonable sentence. *Gall v. United States*, 522 U.S. 38, 49 (2007). The district court "may not presume that the Guidelines range is reasonable," but must rather "make an individualized assessment based on the facts presented." *Id.* at 50.

The relevant portion of 18 U.S.C. § 3553(a) states in determining a proper sentence, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. In imposing a sentence sufficient, but not greater than necessary, a sentencing court may consider without limitation, any information concerning the background, character and

8

conduct of the Defendant unless otherwise prohibited by the Guidelines or other law. U.S.S.G. § 1B1.4.

In analyzing those charged under this indictment, this Court has sentenced as follows:

| Name | Counts of Conviction | Sentence |
|---|---|---|
| Zephaniah Jones (1) | 18 U.S.C. 922(a)(6) and 18 U.S.C. 1028A(a)(1) | 79 months |
| Nehemiah Jones (2) | 18 U.S.C. 922(a)(6) and 18 U.S.C. 1001(a)(2) | 42 months |
| Mykia Melton (6) | 18 U.S.C. 922(a)(6) and 18 U.S.C. 1001(a)(2) | Three years Probation |

Aneesah differs from all of those sentenced as she pled guilty to only one count, 18 U.S.C. § 922(a)(6). Arguably, her conduct is the least serious of any co-defendant sentenced to date. Additionally, it would not be possible for any of her co-defendants to have a more pristine criminal history than Aneesah.

Based on both her conduct and lack of criminal history, Aneesah submits that a sentence of probation would be sufficient punishment for her conduct. Further, taking into consideration her background and character, a sentence of probation would satisfy the purposes and principles of sentencing. Aneesah has no prior criminal arrests or convictions. In fact, her only prior experience with the police was working as a police cadet for the Cincinnati Police Department when she was 16 years old. Since being arrested on April 18, 2023 and released on her own

recognizance, Aneesah has been under the supervision of Pretrial Services Office and has shown that she is conducive to supervision. She has followed the direction of Pretrial Services, complied with the treatment recommended by IKRON. She is committed to providing a good life for her son. A period of probation would permit her to continue with her needed mental health treatment, and most importantly, continue to be a part of Zion's life.

Respectfully Submitted,

/s/ Thomas W. Kidd, Jr

_____
Thomas W. Kidd, Jr.
Kidd & Urling LLC
9435 Waterstone Blvd Suite 140
Cincinnati, Ohio 45249
(513) 733-3080/Fax (513) 731-7230
tkidd@kiddurlinglaw.com


/s/ Bryan R. Perkins

_____
Bryan R. Perkins
810 Sycamore Street, 6th Floor
Cincinnati, Ohio 45202
(513) 632-5335
b.perkins@fuse.net

*Counsel for Aneesah Williams*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent this 7th day of July, 2025, to Assistant U.S. Attorney Julie D. Garcia at julie.garcia@usdoj.gov and Assistant U.S. Attorney Danielle Mergeaux at Danielle.margeaux@usdoj.gov and the CM/ECF system will send notification of such filing to all counsel of record.

*/s/ Bryan R. Perkins*
_____
Bryan R. Perkins, Attorney at Law